IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ZACHARY HOFFMAN, *et al.*,

    Plaintiffs,

v.  No. 24-cv-457 MIS/SCY

STATE OF NEW MEXICO
PAROLE BOARD,

    Defendant.

## ORDER OF DISMISSAL

THIS MATTER is before the Court on the Letter Prisoner Civil Rights Complaint, ECF No. 1 ("Letter-Complaint"), filed in this case by or on behalf of the following inmate-plaintiffs: Zachary Hoffman, David Hernandez, Randy Lopez, Zane Fernandez, and Martinez Gishie. *See id.* at 3. The Letter-Complaint primarily challenges the inmate-plaintiffs' conditions of confinement at Guadalupe County Correctional Facility in Santa Rosa, New Mexico. As a threshold issue, the Court must determine whether it is feasible for multiple *pro se* plaintiffs to prosecute this case.

Rule 20 of the Federal Rules of Civil Procedure governs the joinder of multiple plaintiffs. The Court, in its discretion, may permit a joinder where all claims arise from the same transaction/occurrence and share at least one question of law or fact. *See* Fed. R. Civ. P. 20(a)(1); *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983) (permissive joinder is a matter of discretion).

Even where these requirements are met, the Court may disallow a joinder based on the inherent impracticalities associated with *pro se* prisoner litigation. *See Bourn v. Geo Grp., Inc.*, Civil Action No. 11–cv–02628–BNB, 2012 WL 451286, at *2 (D. Colo. Feb. 13, 2012) ("Many

federal district courts have found that the pervasive impracticalities associated with multiple-plaintiff prisoner litigation militate against permissive joinder otherwise allowed by Fed. R. Civ. P. 20(a)(1)."); *Ricky L. Hollins, et al., v. KDOC Staff, et al.*, CASE NO. 24-3134-JWL, 2024 WL 4836237, at *3 (D. Kan. Nov. 20, 2024) ("In the context of prisoner litigation specifically, district courts also have found that the impracticalities inherent in multiple-plaintiff lawsuits militate against permissive joinder otherwise allowed by Rule 20(a)(1)."); *Adams v. GEO Grp., Inc.*, Case No. CIV-21-297-D, 2021 WL 2407436, at *1 (W.D. Okla. Apr. 13, 2021) (same); *Bastian v. Jaramillo*, Civ. No. 21-350 WJ/JFR, 2023 WL 4182806, at *2 (D.N.M. June 21, 2023) (same). If multiple plaintiffs proceed in one case, for example, "any pleading filed [would need to] bear [each of] their signatures pursuant to [Fed. R. Civ. P.] 11(a)." *Bastian*, 2023 WL 4182806, at *2. Prison transfers "could, at any time, restrict interpersonal communication between Plaintiffs," preventing "them from … conferring with one another, reviewing proposed pleadings [to comply with Rule 11], and … meet[ing] the court's deadlines." *Dill v. Thomas*, CIV-23-875-D, 2023 WL 8115921, at *1-2 (W.D. Okla. Oct. 31, 2023); *see also Pinson v. Whetsel*, No. CIV-06-1372-F, 2007 WL 428191, at *1 (W.D. Okla. Feb. 1, 2007) ("If one inmate is moved during the course of the litigation, the court may find itself in the position of ordering prison officials to allow co-plaintiff inmates to correspond with each other, in derogation of a … legitimate prison policy.").

"A prisoner litigating jointly under Rule 20 [also] takes th[e] risks for *all* claims in the complaint, whether or not they concern him personally." *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (emphasis in original). This means that if the inmate-plaintiffs are proceeding *in forma pauperis* – which is true in the vast majority of cases – they could all accrue strikes under 28 U.S.C. § 1915(g) if the complaint is dismissed for failure to state a cognizable claim. *Id.* (explaining the risk that one plaintiff would accrue a strike by signing another plaintiff's filing);

28 U.S.C. § 1915(g) (noting inmate-plaintiffs accrue a strike each time their case is dismissed for failure to state a cognizable claim and that they cannot proceed *in forma pauperis* after accruing three strikes). Finally, "multiple-plaintiff prisoner litigation also raises concerns that *pro se* prisoner plaintiffs might be seeking to impermissibly provide legal assistance to each other in pursuing their claims." *Hunnicutt v. Smith*, Civ. No. 18-619 JCH/GBW, 2021 WL 3618315, at *20–21 (D.N.M. Aug. 16, 2021) (quotations omitted).

The Letter-Complaint here implicates a number of these concerns. The inmate-plaintiffs allege generally that they have been subjected to improper classification at the Guadalupe County Correctional Facility, but do not allege their claims arise from the same transaction/occurrence. The multiple inmate-plaintiffs make it impossible to discern the scope of the joined claims. Moreover, it appears that most of the inmate-plaintiffs have been released from the Guadalupe County Correctional Facility, but none of the inmate-plaintiffs have provided an updated address as required by D.N.M. Local Civil Rule 83.6. *See* https://www.cd.nm.gov/offender-search/ (last visited September 17, 2025). It is therefore unclear whether the inmate-plaintiffs are still able or inclined to prosecute this action together. For these reasons, the Court finds that joinder is impractical in this case.

Courts take different approaches where, as here, inmate-plaintiffs are not permitted to proceed together under Rule 20. Some courts dismiss the entire case and require each plaintiff to file a new case. *See, e.g., Hollins, et al., v. KDOC Staff, et al.,* CASE NO. 24-3134-JWL, 2024 WL 4836237, at *3 (D. Kan. Nov. 20, 2024) (noting the case featuring multiple inmate-plaintiffs "may not proceed as filed and is dismissed without prejudice"). If there is one primary filer among the inmate-plaintiffs, some courts permit that filer to proceed in the original action and dismiss the claims of the other-inmate plaintiffs without prejudice to refiling. *See, e.g., Gentry v. Lawton*

*Corr. Facility*, No. CIV–14–310–W, 2014 WL 2712305, at *2 (W.D. Okla. May 13, 2014) (noting one plaintiff "has been the dominate filer thus far" and that the other plaintiff should be "dismissed from the action and be instructed that if he wishes to pursue his claims, he must file an independent action").

There is no primary filer in this case as each inmate-plaintiff signed the initial Letter-Complaint. The Court also notes that dismissing the claims and requiring each inmate-plaintiff to file their own case will not result in any prejudice. The claims arose in 2024 and are not time-barred. *See Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("[F]or § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims."). Moreover, none of the inmate-plaintiffs have paid a fee in this case, as the Court deferred collecting any initial partial filing fees until after making a determination on the proposed joinder.

The Court will therefore dismiss this case, and the Letter-Complaint, without prejudice. If any of the inmate-plaintiffs wish to continue litigating, he must file a new case limited to his own claims. If an inmate-plaintiff continues to file amended pleadings in this closed case, the Court may direct the Clerk's Office to open a new case for that individual.

**IT IS ORDERED** that the Letter Prisoner Civil Rights Complaint (**ECF No. 1**) filed by Zachary Hoffman, David Hernandez, Randy Lopez, Zane Fernandez, and Martinez Gishie is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE